IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALISA M. GORCHOCK**, as Administratrix of THE ESTATE OF JOHN M. GORCHOCK and In Her Own Right, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:17cv1496<br>**Electronic Filing** |
| **FIRSTENERGY CORP.**,<br>**FIRSTENERGY GENERATION LLC**,<br>**FIRSTENERGY GENERATION MANSFIELD UNIT 1 CORP.**,<br>**MASCARO CONSTRUCTION COMPANY LP D/B/A MASCARO CONSTRUCTION COMPANY**, and<br>**MASCARO SERVICES, INC.**, | ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and, | ) ) | |
| **FIRSTENERGY CORP.**,<br>**FIRSTENERGY GENERATION LLC**,<br>and **FIRSTENERGY GENERATION MANSFIELD UNIT 1 CORP.**, | ) ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| **ENERFAB, INC.**, | ) ) | |
| Third-Party Defendant. | ) | |

---------------------------------------------------------

| | |
|---|---|
| **KERRI ANN BACHNER** as Administratrix of THE ESTATE OF | ) ) |

| | | |
|---|---|---|
| KEVIN BACHNER and In Her Own Right, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 2:17cv1497 |
| | ) | **Electronic Filing** |
| **FIRSTENERGY CORP.**, **FIRSTENERGY GENERATION LLC**, **FIRSTENERGY GENERATION MANSFIELD UNIT 1 CORP.**, **MASCARO CONSTRUCTION COMPANY LP D/B/A MASCARO CONSTRUCTION COMPANY**, and **MASCARO SERVICES, INC.**, | ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and, | ) ) | |
| **FIRSTENERGY CORP.**, **FIRSTENERGY GENERATION LLC**, and **FIRSTENERGY GENERATION MANSFIELD UNIT 1 CORP.**, | ) ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| **ENERFAB, INC.**, | ) ) | |
| Third-Party Defendant. | ) | |

---------------------------------------------------------

| | | |
|---|---|---|
| **THOMAS CANTWELL**, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:17cv1499 |
| | ) | **Electronic Filing** |
| **FIRSTENERGY CORP.**, **FIRSTENERGY GENERATION LLC**, **FIRSTENERGY GENERATION MANSFIELD UNIT 1 CORP.**, **MASCARO CONSTRUCTION** | ) ) ) ) ) | |

2

| | |
|---|---|
| **COMPANY LP D/B/A MASCARO CONSTRUCTION COMPANY**, and **MASCARO SERVICES, INC.**, | ) ) ) ) |
| Defendants, | ) ) |
| and, | ) ) |
| **FIRSTENERGY CORP.**, **FIRSTENERGY GENERATION LLC**, and **FIRSTENERGY GENERATION MANSFIELD UNIT 1 CORP.**, | ) ) ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| **ENERFAB, INC.**, | ) ) |
| Third-Party Defendant. | ) |

-------------------------------------------------------

## MEMORANDUM ORDER

AND NOW, this 11th day of June, 2021, upon due consideration of the First Energy defendants' motions to compel the written report of Michael Klein and the parties' submissions in conjunction therewith, IT IS ORDERED that the motions be, and the same hereby are, denied.

A party generally cannot discover the "facts known or opinions held" by an expert who has been retained by an opposing party where that expert is not expected to be called as a witness at trial. Fed. R. Civ. P. 26(b)(4)(D). It is undisputed that Michael Kline was been retained by plaintiff to author a certificate of merit regarding the claim of professional negligence against Mascaro Construction, LP,/Mascaro Services, Inc., and he is not expected to testify at trial. Thus, any report or writing he may have prepared for plaintiffs' counsel's benefit as part of plaintiffs' preparing and filing of a certificate of merit under Pennsylvania Rule of Civil

3

Procedure 1042.3 is protected from disclosure. Defendants do not contend otherwise. Instead, they argue that plaintiffs have waived any protections afforded by Rule 26(b)(4)(D) by placing the substance of Michael Kline's assessment and resulting certificate of merit "at issue." Plaintiffs purportedly did so in their opposition to the First Energy defendants' assertion of fraudulent joinder.

It is settled that a party does not place privileged information "at issue" by simply referring to or highlighting the existence of a privileged communication. Rhone–Poulenc Rorer, Inc. v. Home Indemnity Co., 32 F.3d 851, 863 (3d Cir. 1994). Instead, a party waives a privilege where it selectively describes some specific aspect or detail of the communication and then seeks to advance a legal position by reliance on the specifically disclosed aspect of the communication. Id. For example, in a patent case where the defendant denies an allegation of willful infringement, the mere fact that the defendant has denied willfulness does not place any previous communications with or advice of counsel at issue. Id. Although the prior advice of counsel may be relevant to the issue of whether the defendant acted with a willful state of mind, "the advice of the infringer's counsel is not placed in issue, and the privilege is not waived, unless the infringer seeks to limit its liability by describing that advice and by asserting that he relied on that advice." Id.

A careful and reflective review of each instance wherein plaintiffs are purported to have relied on the substance of any report or written assessment underlying the certificate of merit reveals that plaintiffs have not divulged anything more than the information that must be disclosed in complying with Pennsylvania Rule of Civil Procedure 1042.3. Filing a Certificate of Merit constitutes a representation to the tribunal and the other parties that 1) a licensed professional has supplied a written statement indicating there exists a reasonable probability that

the care, skill or knowledge exercised by the defendant with regard to the subject of the work or practice in question fell outside the acceptable professional standards and 2) such conduct was a cause in bringing about the harm for which relief is sought.  Crawford .v McMillan, 660 F. App'x 113, 116 (3d Cir. 2016) (quoting Pa. R. Civ. P. 1042.3).  Pennsylvania Rule of Civil Procedure 1042.3 has been deemed to be substantive law under the Erie doctrine.  Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011).  Compliance with the Rule is designed to "prevent[] needless waste of judicial time and resources which would otherwise be spent on non-meritorious claims."  Id.; see also Womer v. Hilliker, 908 A.2d 269, 275–76 (Pa. 2006).

Advocating that a licensed professional has supplied a written statement that satisfies Rule 1042.3 is inherit in the filing of a Certificate of Merit.  And reasserting the same and advancing the general inferences that can be drawn from the acquisition of such a statement is distinct from advancing an aspect of the specific content or foundations within the statement itself.  Although the existence of the Certificate of Merit repeatedly is referenced in opposition to defendants' contention of fraudulent joinder, plaintiffs have not delved into or relied upon the underlying substance of Engineer Klein's written statement.  Indeed, after careful review of each instance of waiver advanced by defendants, the court cannot form a substantive assessment of the bases or contents of the statement that is not readily apparent from a review of the Amended Complaints.  The only thing that is established is that the statement was supplied in conjunction with the Amended Complaints; it complies with Rule 1042.3; and such a statement undercuts defendants' contention that Mascaro Construction, LP/Mascaro Services, Inc., has been improperly joined in an effort to defeat removal diversity under 28 U.S.C. § 1332.  Of course,

each of these propositions flows from the filing of the Certificate of Merit itself and the accompanying disclosures mandated by compliance with Rule 1042.3.

It follows that the record fails to support the defendants' contention of waiver. Accordingly, their motions to compel properly have been denied.

s/David Stewart Cercone<br>
David Stewart Cercone<br>
Senior United States District Judge

cc:	David L. Kwass, Esquire
	Elizabeth Bailey, Esquire
	Richard Urick, Esquire
	Brad D. Trust, Esquire
	Kathy K. Condo, Esquire
	Matthew R. Divelbiss, Esquire
	Daniel R. Michelmore, Esquire
	Michael P. Leahey, Esquire
	Joshua S. Snyder, Esquire
	Seth P. Hayes, Esquire
	Mark R. Lane, Esquire

(*Via CM/ECF Electronic Mail and Email*)